IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARLA SCHNEE | § | |
|     Plaintiff | § | |
| v. | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | CIVIL ACTION NO. 4:14-CV-00429 |
|     Defendant | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE KENNETH HOYT, UNITED STATES DISTRICT JUDGE:

    Plaintiff Karla Schnee ("Schnee") and Defendant Hartford Life and Accident Insurance Company ("Hartford") file this Joint Discovery/Case Management Plan and would show:

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   ANSWER: As required by Rule 26(f), the parties conferred on May 13, 2014. Schnee was represented by her lead counsel, Marc Whitehead. Hartford was represented by its lead counsel, L. Kim Basinger.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   ANSWER: Counsel are aware of no cases related to this one pending in any state of federal court.

3.   Briefly describe what this case is about.

   ANSWER: This lawsuit involves a claim for long-term disability benefits under a policy governed by ERISA.

4.   Specify the allegation of federal jurisdiction.

   ANSWER: This court has jurisdiction under 29 U.S.C. §1132 (e).

5.   Name the parties who disagree and the reasons.

   N/A.

6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   ANSWER: The parties do not anticipate that it will be necessary to add any additional parties.

7.   List anticipated interventions.

   ANSWER: The parties do not anticipate any interventions.

8.   Describe class-action issues.

   ANSWER: The parties do not anticipate any class-action issues.

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   ANSWER: The parties agree that Hartford should produce, but not file, a Bates numbered copy of the proposed administrative record on or before August 1, 2014. Plaintiff should object to documents in the proposed administrative record or suggest the inclusion of omitted documents on or before August 15, 2014.

10.   Describe the proposed agreed discovery plan, including:

   A.   Responses to all of the matters raised in Rule 26(f).

      ANSWER: The parties agree that Hartford should produce, but not file, a Bates numbered copy of the proposed administrative record on or before August 1, 2014. Plaintiff should object to documents in the proposed administrative record or suggest the inclusion of omitted documents on or before August 15, 2014. The

parties believe that discovery can be completed by November 15, 2014, with further stipulation that the parties may extend the discovery deadline by agreement or leave of court.

B. When and to whom the plaintiff anticipates it may send interrogatories.

ANSWER: Plaintiff anticipates sending interrogatories within 60 days after this Joint Discovery/Case Management Plan is filed.

C. When and to whom the defendant anticipates it may send interrogatories.

ANSWER: Defendant contends that discovery is generally limited to the administrative record in ERISA benefits cases and, therefore, does not anticipate sending interrogatories at this time.

D. Of whom and by what date the plaintiff anticipates taking oral depositions.

ANSWER: Unknown at this time. Plaintiff will make a determination of the oral depositions she anticipates taking upon receipt of Defendant's answers to interrogatories.

E. Of whom and by what date the defendant anticipates taking oral depositions.

ANSWER: Defendant contends that discovery is generally limited to the administrative record in ERISA benefits cases and, therefore, does not anticipate taking oral depositions at this time.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

ANSWER: September 1, 2014

G. Expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a) (2) (B) (expert report).

ANSWER: Unknown at this time. Plaintiff will make a determination of expert depositions she anticipates taking upon receipt of Defendant's answers to interrogatories.

H. List expert depositions that the opposing party anticipates taking, and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report)

        ANSWER: Defendant contends that discovery is generally limited to the administrative record in ERISA benefits cases and, therefore, does not anticipate taking expert depositions at this time.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    ANSWER:

    Plaintiff's response:

It is Plaintiff's contention that discovery is permissible on the issue of a conflict of interest on the part of the administrator; therefore, Plaintiff respectfully requests that the Court require that Defendant comply with Plaintiff's discovery requests in the instant case as the case's classification as an ERISA matter does not entirely bar discovery under Fifth Circuit precedent.  The Fifth Circuit Court of Appeals currently holds discovery to be permissible in ERISA cases, even when an abuse of discretion standard is applied, regarding a plan administrator's plan interpretation, especially related to the consistency of the administrator's decisions. *Jorden v. Cameron Iron Works, Inc.*, 900 F.2d 53 (5th Cir. 1990), cert. denied 111 S.Ct. 344 (1990); *Wilbur v. ARCO Chemical Co.*, 974 F.2d 631, 638 (5th Cir. 1992)(holding "Our well-established criteria for evaluating a benefit determination under an abuse of discretion standard makes it obvious that some evidence other than that contained in the administrative record may be relevant at both steps of this process of judicial review."). The Fifth Circuit continues to hold that evidence outside of the administrative record is discoverable and admissible, even under an abuse of discretion standard. *Vega v. Nat. Life Ins. Servs., Inc.* 188 F.3d 287, 299 (5th Cir.1999)(holding it is permissible to consider evidence that was not part of the administrative record if such evidence, under an abuse of discretion standard, would be beneficial in determining whether or not an administrator's interpretation of a plan was <u>legally</u> correct and, if not, <u>whether the administrator abused its discretion</u>.). As such evidence is admissible, it is Plaintiff's contention that discovery may be taken to obtain evidence on the issues set forth above.

    Defendant's response:

It is well-settled in the Fifth Circuit that all factual determinations made by the claims administrator are reviewed under the abuse of discretion standard.  *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552 (5th Cir. 1991), *cert. denied*, 502 U.S. 973 (1991); *Chacko v. Sabre, Inc.*, 473 F.3d 604, 610 (5th Cir. 2006).  *Meditrust Fin. Serv. Corp. v. Sterling Chems., Inc.,* 168 F.3d 211, 213 (5th Cir. 1999). A determination of whether a claimant is disabled is a factual determination and, therefore, should be reviewed under the abuse of discretion standard. *Sweatman v. Commercial Union Ins. Co.,* 39 F.2d 594 (5th Cir. 1994);  *Lain v. Unum Life Ins. Co. Of Am.,* 279 F.3d 337, 342 (5th Cir. 2002);

*Finster v. Metropolitan Life Ins. Co.*, 927 F.Supp. 201, 205 (N.D. Tex., Dallas Div., 1996). In evaluating whether a claims administrator abused its discretion, a district court may consider only the evidence in the administrative record at the time of the claims administrator's review. *Vega v. National Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (The Fifth Circuit "will not permit the district court or our own panels to consider evidence introduced to resolve factual disputes with respect to the merits of the claim when the evidence is not in the administrative record."); *Finster v. Metropolitan Life Ins. Co.,* 927 F.Supp. 201 (N.D. Tex., Dallas Div., 1996).

Contrary to Plaintiff's assertion, the Fifth Circuit has not held that a Plaintiff is entitled to unlimited discovery related to the merits of a case, i.e. factual disputes, where there is an inherent conflict of interest due to the insurer also acting as the claims administrator. Rather, the conflict should "be weighed as a factor in determining whether there is an abuse of discretion." *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008). *Vega v. National Life ins. Service, Inc.*, 188 F.3d 287, 297 (5th Cir. 1999). A plaintiff has the burden to present evidence showing the existence and extent of any alleged conflict of interest. *MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 479 n.8 (5th Cir. 2003), *cert. denied*, 541 U.S. 1072, 124 S.Ct. 2413 (2004).

Defendant Hartford does not dispute that under Fifth Circuit precedent there is an inherent conflict since it is the claims administrator and funds plan benefits. The court may consider this as a factor in determining whether there was an abuse of discretion. However, if the court is inclined to allow any discovery regarding the inherent conflict of interest, it should be very narrowly tailored to that purpose. The matters on which Plaintiff has indicated she intends to seek discovery include the merits of the case and greatly exceed the permissible limits and exceptions allowed under governing precedent.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    ANSWER: No discovery has been conducted at this time.

13. State the date by which the planned discovery can reasonably be completed.

    ANSWER: All discovery should be completed by November 15, 2014.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) hearing.

    ANSWER: The parties have discussed the possibility of prompt settlement, and are currently engaged in settlement negotiations.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    ANSWER: The parties are currently engaged in settlement negotiations and have agreed to discuss the appropriateness of mediation.

16. From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such techniques may be effectively used in the case.

    ANSWER: Should the parties engage in ADR, they agree that mediation is appropriate and should be conducted prior to the deadline for dispositive motions.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    ANSWER: The parties have not consented to trial before the magistrate.

18. State whether a jury demand has been made and whether it was made on time.

    ANSWER: This case is not eligible for trial by jury.

19. Specify the number of hours that it will take to present the evidence in this case.

    ANSWER: Should trial briefs be filed, it should require no more than 12 hours to present evidence and arguments in this case.

20. List pending motions that can be resolved at the initial pretrial and scheduling conference.

    ANSWER: There are no pending motions.

21. List other pending motions.

    ANSWER: N/A.

22. Indicate other matters peculiar to the case, including discovery, which deserve the special attention of the court at the conference.

    ANSWER: The court needs to address the allowable scope of discovery in the context of this lawsuit which involves a claim for long-term disability benefits under a policy governed by ERISA.

23. Certify that all parties have filed Disclosure of Interested Parties, as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original

disclosures and any amendments.

ANSWER: The parties jointly certify they have filed Disclosures of Interested Parties. Plaintiff filed her Certificate of Interested Parties on March 21, 2014. Defendant filed its Certificate of Interested Parties on March 24, 2014.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

ANSWER:

| Plaintiff's attorneys: | Defendant's attorneys: |
|---|---|
| Marc Whitehead | L. Kim Basinger |
| Texas Bar No. 00785238 | Texas Bar No. 01869800 |
| S. Dist. Tex. Bar No. 15465 | Fed. Bar No. 24923 |
| Marc Whitehead & Associates, Attorneys at Law, L.L.P. | Wilson Grosenheider Jacobs & Loiacono, L.L.P. |
| 5300 Memorial Drive, Suite 725 | P.O. Box 1584 |
| Houston, Texas 77007 | Austin, Texas 78767 |
| (713) 228-8888 | (512) 478-1657 |
| (713) 225-0940 (Fax) | (512) 478-9016 (Fax) |
| marc@marcwhitehead.com | KimBasinger@wgmj.com |

Respectfully submitted,

By: ___/s/ Marc S. Whitehead w/permission___
Marc S. Whitehead
Texas Bar No. 00785238
S.D. Tex. Bar No. 15465
Attorneys for Plaintiff

By: ___/s/ L. Kim Basinger___
L. Kim Basinger
Texas Bar. No. 01869800
Federal Bar No. 24923
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

     By my signature above, I, L. Kim Basinger, do hereby certify that on May 23, 2014, a true and correct copy of the foregoing pleading was electronically filed with the clerk of the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Marc S. Whitehead
5300 Memorial Drive, Suite 725
Houston, TX  77007